JONATHON D. HALLIN
LUKINS & ANNIS, P.S.
601 E. Front Ave., Suite 303
Coeur d'Alene, Idaho 83814
Telephone: (208) 666-4102
Facsimile: (208) 666-4112
Email: jhallin@lukins.com
ISB# 7253

*Attorneys for Creditors, Eric and Rosalyn Wurmlinger*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| In re: | Case No. 19-20785 |
|---|---|
| CHRISTINA GREENFIELD, | Chapter 7 |
| Debtor. | **MOTION TO STRIKE DEBTOR'S PRO SE MOTION [ECF 17]** |
| | [ORAL ARGUMENT <u>NOT</u> REQUESTED] |

Creditors, ERIC WURMLINGER and ROSALYN WURMLINGER, husband and wife, pursuant to Fed.R.Bankr.P. 9011(a) and L.B.R. 9010.1(e) and (f), move this Court for entry of an order striking and disregarding the *Debtor's Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f)* [ECF 17]. Oral argument and further briefing is not requested on this Motion.

The law is well settled that "unless and until a lawyer is permitted to withdraw from representation of the chapter 7 debtor, the lawyer is obligated, by rules of this Court as well as by standards of professional responsibility, to represent the client in any matter filed in the Court or

MOTION TO STRIKE DEBTOR'S PRO SE MOTION – Page 1
01892346

related to the bankruptcy representation. *In re Egwim*, 291 B.R. 559, 573–74 (Bankr. N.D. Ga. 2003). Rule 9010.1(f)(2), Local Bankruptcy Rules, provides:

> (f) **Substitutions and Withdrawals**
> (2) No attorney of record for a party may withdraw from representation without leave of the court, upon notice to the client, all parties in interest, and notice and hearing.
>> (A) The withdrawing attorney shall continue to represent the client until the court enters and serves the order granting the attorney's motion to withdraw.

More to the point, L.B.R. 9010.1(e) states:

> Whenever a party has appeared by an attorney, the party may not thereafter appear or act on their own behalf in the action, or taken any steps therein unless a request for substitution or withdrawal, in accordance with this rule shall first have been made by that party and filed with the clerk.

Finally, Fed.R.Bankr.P. 9011(a) mandates that "every . . . motion . . . shall be signed by at least one attorney of record in the attorney's individual name."

Debtor commenced these Chapter 7 bankruptcy proceedings on December 11, 2019 through her counsel of record, Kevin Holt [ECF 1]. To date, Mr. Holt has not sought, nor has the Court granted, leave to withdraw pursuant to L.B.R. 9010.1(f)(2).

On January 28, 2020, Debtor caused a motion titled *Debtor's Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f)*, to be filed herein. That Motion was filed by the Debtor, *pro se*. Given that she remained represented as of January 28, 2020, Debtor's Motion [ECF 17] was filed in violation of L.B.R. 9010.1(e). Further, the Motion is in violation of Fed.R.Bank.R. 9011(a) as it was not signed by her counsel of record. For these reasons, the Debtor's *pro se* Motion should therefore be stricken and disregarded.

On its surface, it would appear that the Debtor had some assistance drafting her *pro se* Motion. Debtor should remain mindful that this Court has expressly rejected the practice of

MOTION TO STRIKE DEBTOR'S PRO SE MOTION – Page 2
01892346

attorneys ghostwriting motions on behalf of parties. *In re Castorena*, 270 B.R.504, 514-515 (Bankr.D.Idaho 2001); citing with approval *In re Merriam*, 250 B.R. 724 (Bankr.D.Colo. 2000).

In conclusion, Creditors intend to object to the nature of the relief requested by Debtor's *pro se* Motion. For that reason, they request that the Court address the propriety of Debtor's *pro se* Motion first. In the event that the Debtor is permitted to pursue her Motion pro se, it is requested that a response deadline be established after the propriety of Debtor's *pro se* Motion is ruled upon.

DATED this 29th day of January, 2020.

LUKINS & ANNIS, P.S.

By: /s/ Jonathon D. Hallin
JONATHON D. HALLIN
Attorneys for Creditors

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29TH day of January, 2020, I filed the foregoing **Motion to Strike Debtor's Pro Se Motion** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David P. Gardner
250 Northwest Blvd., Ste. 206B
Coeur d'Alene, Idaho 83814
trustee@winstoncashatt.com

Kevin Holt
Holt Law Office, PLLC
320 E. Neider Ave., Ste. 103
Coeur d'Alene, Idaho 83815
kholt@holtlawoffice.com

Office of the U.S. Trustee
ustp.region18@bs.ecf@usdoj.gov

Synchrony Bank
c/o PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, VA 23541
claims@recoverycorp.com

SIGNED: /s/ Jonathon D. Hallin

MOTION TO STRIKE DEBTOR'S PRO SE MOTION – Page 3
01892346