Christina Greenfield
210 S. Parkwood Place
Post Falls, Idaho 83854

U.S. COURTS
JUN 15 2020
Rcvd_____Filed____Time 10:51am
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| **In the Matter of:**<br>**CHRISTINA J. GREENFIELD,**<br>Debtor. | CASE NO: 19-20785-TLM |
| **ERIC WURMLINGER and ROSALYN D. WURMLINGER, Husband and Wife,**<br>Plaintiff's<br>v.<br>**CHRISTINA GREENFIELD, An unmarried woman,**<br>Defendant | Adversary Case No: 20-7005<br><br>**DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)** |

**NOTICE IS HEREBY GIVEN TO THE CREDITOR, ANY OTHER INTERESTED PARTIES, AND THE TRUSTEE,** David P. Gardner, that Debtor moves this court for an order upon notice of opportunity to request a hearing avoiding a judgment lien on the grounds that said lien will impair Debtor's claimed homestead exemption in real property Debtor owns in Post Falls, Idaho, recorded under legal description PARKWOOD PLACE ADDN. Lot 6 Blk 1 02 50N 05W aka 210 S. Parkwood Place. The judgment lien resulted from a money judgment issued by the District Court.

### INFORMATION

On September 23, 2010, Debtor Greenfield (Hereafter: "Greenfield") filed a civil action against Plaintiff's Wurmlingers (Hereafter: "Wurmlingers") in Kootenai County District Court, CV-2010-8209, aka Greenfield v. Wurmlinger. Greenfield did not prevail in said civil action and

DEBTOR'S NOTICE OF MOTION AND MOTION TO
AVOID LIEN UNDER 11 U.S.C. § 522(f)
(REAL PROPERTY)

1

a judgement was entered for $196,339.37 against Greenfield. Wurmlingers recorded said final judgment on 7/22/2015 in Kootenai County.

Wurmlingers pursued a "Writ of Execution" on September 13, 2016, for said judgment in the amount of $224,456.34, which included interest.

On May 6, 2020, Wurmlingers submitted a "Proof of Claim" to the Bankruptcy Court proceeding stating that said judgment lien was now valued at $261,083.21 against Greenfield.

The subject property owned by Greenfield is encumbered with a Mortgage Lien in the amount of approximately $130,000.00, which is Secured by Bank of America through Freddie Mac.

The judgment lien and mortgage encumberment total is approximately $391,083.21. The County's current assessment on subject property is $304,230.00

Debtor has a recorded Homestead Exemption of $100,000.00 on said property pursuant Idaho Code §55-1004, which was recorded prior to the judgment lien.

Debtor is also protected pursuant Idaho Code §55-1008 "HOMESTEAD EXEMPT FROM EXECUTION — WHEN PRESUMED VALID.

> (1) Except as provided in section 55-1005, Idaho Code, the homestead is exempt from attachment and from execution or forced sale for the debts of the owner up to the amount specified in section 55-1003, Idaho Code. The proceeds of the voluntary sale of the homestead in good faith for the purpose of acquiring a new homestead, and proceeds from insurance covering destruction of homestead property held for use in restoring or replacing the homestead property, up to the amount specified in section 55-1003, Idaho Code, shall likewise be exempt for

one (1) year from receipt, and also such new homestead acquired with such proceeds.

(2) Every homestead created under this chapter is presumed to be valid to the extent of all the property claimed exempt, until the validity thereof is contested in a court of general jurisdiction in the county in which the homestead is situated."

Also noted pursuant Idaho Code §55-1010. "LIABILITY FOR DEBTS OF OWNER."

(1) The homestead shall not be held liable for the debts of the owner, except as provided in this title or in section 56-218, Idaho Code.

Debtor alleges that the fair market value of the property claimed exempt is greatly reduced, as said subject property has several issues that diminish the current market evaluation. Said issues are as follows; a.) completion of remodeling demolition that occurred in 2005, which includes kitchen remodel and; b.) extensive water damage to master bedroom, bath, and garage also guest bathtub leaks into foyer and; c.) furnace replacement and relocation due to presence of mold and; 4.) window replacements due to stress cracks and other defects and; 5.) insulation problems in attic and; 6.) cosmetic issues regarding interior and exterior paint, siding repair, deck repair and; 7.) electrical and socket re-wiring and; 8.) roof replacement, and 9.) stairs need to be re-done as they are hazardous.

Greenfield utilized internet comparisons for age, size, location, current market value, and necessary repairs to determine said current value of subject property.

Therefore, the judgment lien impairs Debtor's exemption to which the debtor qualifies for pursuant Idaho Statutes for Homestead Exemption.

When Greenfield filed for bankruptcy, an estate arises that consists of all the debtor's interests in property at the time of filing, together with *"those interests recovered or recoverable through transfer and lien avoidance provisions."* Owen v. Owen, 500 U.S. 305, 308 (1991); see also 11 U.S.C. 541. Section 522 of the Bankruptcy Code allows the debtor to exempt particular types of property from the bankruptcy estate. 11 U.S.C. 522(b). *"Exempt property is generally not subject to distribution to creditors but is retained by the debtor as he or she makes a fresh financial start. 11 U.S.C. 522(c). Unless a State prohibits its debtors from invoking the exemptions specified under the Bankruptcy Code, a debtor may choose to exempt either the items of property listed in Section 522(d) or whatever property is exempted by state law and by federal non-bankruptcy law. 11 U.S.C. 522(b)."* Idaho does not prohibit Debtor's from invoking the exemption.

Section 522(f) of the Bankruptcy Code was enacted in 1978 as part of the Bankruptcy Reform Act. See Pub. L. No. 95-598, 92 Stat. 2589.1 Section 522(f) permits a debtor to *"avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled."* 11 U.S.C. 522(f). It *"protects the debtor's exemptions, her discharge, and thus her fresh start by permitting her to avoid certain liens on exempt property."* H.R. Rep. No. 595, 95th Cong., 1st Sess. 362 (1977). Judicial liens are included among the liens subject to avoidance under Section 522(f). 11 U.S.C. 522(f)(1)(A).

## DISPOSITION

### A. Debtor's Motion to Avoid Wurmlinger's Lien.

Pursuant Section 522(f)(1)(A) of the Bankruptcy Code provides, in pertinent part, that *"the debtor may avoid the fixing of a lien on an interest of the debtor in property to*

*the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a judicial lien.*" Debtor has the burden of proving the following: "(1) an exemption to which she is entitled under §522; (2) that the property is listed on debtor's schedules and claimed as exempt; (3) that the lien impairs the exemption; and (4) that the lien is judicial rather than consensual." In re Johnson, 262 B.R. 831, 843 (Bankr. D. Idaho 2001) (quoting In re Conley, 99.1 I.B.C.R. 7, 7 (Bankr. D. Idaho 1999)). The elements are undisputed. There is no question that the lien is a judicial lien as that term is defined in 11 U.S.C. §101(36). Debtor has a recorded Homestead Exemption, which is listed on Debtor's schedules. The judicial lien impairs Debtor's exemption.

Greenfield recorded the Homestead Exemption for her property under Idaho Code §55-1004. There is no question that Wurmlingers $261,083.21 judgment lien impairs Debtor's $100,000.00 homestead exemption. See 11 U.S.C. §522(f)(2)(A) (prescribing a formula approach for determining impairment); In re Johnson, 262 B.R. at 844 (determining impairment under §522(f)).

B. **Validation of Debtor's Homestead Exemption.**

A prerequisite to Debtor's avoidance of Wurmlinger's judgment lien is a valid homestead exemption. In re Field, 05.1 I.B.C.R. at 13. The relevant date for determining the status of Debtor's homestead exemption claim, as well as her §522(f) lien avoidance rights, is the petition date. 11 U.S.C. § 522(b)(2)(A); Goswami v. MTC Distrib. (In re Goswami), 304 B.R. 386, 390–92 (B.A.P. 9th Cir. 2003) (citing White v. Stump, 266 U.S.

310, 313 (1924)). In Idaho, exemption rights are determined under state law. 11 U.S.C. §522; Idaho Code §11-609.

Idaho law allows debtors to claim a homestead exemption in real property. Idaho Code §55-1001–1011; In re Field, 05.1 I.B.C.R. at 13. The Court liberally construes the homestead statutes in favor of the debtor. Id.

In re Field, the Court discussed the two types of homesteads typically recognized under Idaho law, as well as the methods for claiming an exemption in each. 05.1 I.B.C.R. at 13–14. Under Idaho Code §55-1001(2), a homestead may consist of either "a dwelling house or the mobile home in which the owner resides or intends to reside, . . . and the land" upon which it sits, or "unimproved land owned with the intention of placing a house or mobile home" on the land for the purpose of residing there. Before a homestead will be protected by the exemption in Idaho Code §55-1003, the exemption must be established either automatically by occupation of the property by the owner (i.e., the debtor) as a principal residence, or by recording an appropriate declaration as required by Idaho Code §55-1004(2). Field, 05.1 I.B.C.R. at 14; In re Moore, 01.4 I.B.C.R. 147, 149 (Bankr. D. Idaho 2001). An automatic exemption (i.e., one established without the need for a recorded declaration) will arise only in a dwelling house or mobile home owned by the debtor, and the land upon which it sits, from and after the time the property is occupied as the debtor's principal residence. Idaho Code §55-1004(1), construed in In re Field, 05.1 I.B.C.R. at 14.

In this case, a valid claim of exemption in Greenfield's property existed because she not only occupied the home as her principal residence since May 2005, but she had also recorded a declaration of homestead on October 3, 2012.

## CONCLUSION

Greenfield respectfully requests that this Court find that she is exempt from Wurmlingers judgment lien because an automatic exemption has arisen upon Debtor's occupation of her property as her principal residence, and the recorded homestead declaration filed prior to bankruptcy proceedings.

Debtor states that Wurmlinger's judicial lien on her property impairs Debtor's homestead exemption and that the judgment lien may therefore be avoided under §522(f)(1)(A).

WHEREFORE, Debtor requests that this court issue an order avoiding Creditor Wurmlinger's judgement lien against the Debtor and her home/property.

DATED this ____12____ day of June 2020

Christina Greenfield

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of June 2020, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

David Gardner (Trustee)  [X] US Mail
250 Northwest Boulevard Ste 206B
Coeur d'Alene, Idaho 83814

Jonathon Hallin  [X] US Mail
601 E. Front Ave Ste 303
Coeur d'Alene, Idaho 83814

_____
Christina J. Greenfield

Document      Page 9 of 9

Greenfield
P.O. Box 2257
Post Falls, ID
83877

US Bankruptcy Court
550 W. Fort St. #400
Boise, ID 83724




U.S. POSTAGE PAID
FCM LG ENV
POST FALLS, ID
83854
JUN 12, 20
AMOUNT
$1.40
R2304M111576-07