## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE:** | **Case No. 19-20785-NGH** |
| **CHRISTINA GREENFIELD,** | |
| **Debtor.** | **Chapter 7** |

### MEMORANDUM OF DECISION

On December 11, 2019, Christina Greenfield ("Debtor") filed her voluntary chapter 7 petition. Doc. No. 1. While originally represented by counsel, by February 2020, Debtor was representing herself *pro se*. *See* Doc. Nos. 20, 24, 25, 31.

On April 5, 2021, the chapter 7 trustee, David Gardner ("Trustee"), filed a Motion for Order Approving Sale of Real Property and an Application for Compensation of Realtor. Doc. Nos. 137 ("Sale Motion") and 138 ("Application"). Debtor objected to the Sale Motion and the Application. Doc. No. 140 ("Debtor's Objection"). Debtor's Objection also objected to a proof of claim filed by Eric and Rosalyn Wurmlinger which purported to be partially secured by the real property at issue in the Sale Motion. In addition, two creditors—Debtor's daughter and ex-spouse—filed objections to the Application, Sale Motion, and to the Wurmlinger's proof of claim. Doc. Nos. 141 and 142. Trustee's Sale Motion and the Application came on for hearing on May 4, 2021. Doc. No. 147 (minute entry). Debtor appeared and argued against the Court approving

MEMORANDUM OF DECISION - 1

the sale of her home and the compensation of the realtor.  The other objecting creditors

failed to appear.

At the May 4 hearing, the Court recognized the outstanding objections to the

Wurmlinger proof of claim and set the same for a future hearing.  The Court then entered

an oral ruling overruling the objections to the Sale Motion and Application, and granting

Trustee's requested relief with the limitation that the Wurmlinger's asserted, secured

claim would attach to the proceeds of the sale and not be paid until the claim objections

were resolved.  The Court entered orders consistent with its ruling.  Doc. Nos. 152 ("Sale

Order") and 151 ("Compensation Order").

On May 6, 2021, Debtor filed a "Notice of Appeal[,] Statement of Issues[,]

Designation of Record[, and] Automatic Stay of Actions," Doc. No. 155.  Upon review of

the filing, the Court concluded the document improperly contained numerous requests for

relief and entered an Order denying those requests without prejudice to Debtor filing

separate motions stating the relief requested and identifying the basis for the requested

relief.  Doc. No. 162.  Specifically, the Court's Order identified several inadequacies with

the apparent request for waiver of the appellate fees, including failing to identify the

statutory basis for the request or provide the necessary information for the Court to

decide such a request.

On May 25, 2021, Debtor filed a "Motion and Affidavit in Support of Request for

Fee Waiver for Appeals."  Doc. No. 171 ("Motion").  Debtor's Motion identifies both 28

U.S.C. § 1930 and § 1915 as the basis for her requested relief.  Debtor's affidavit states:

1.  I am the Debtor in the above-entitled matter.

MEMORANDUM OF DECISION - 2

2. I am a single, 63 year old female, with no dependents.

3. I am requesting a waiver from the Court as an indigent person unable to pay the fees associated with both appeals ID-21-1095 and ID-21-1096.

4. I receive minimal Social Security Benefits.

5. I have exhausted all avenues of revenue at this time and have filed for bankruptcy.

6. I do not have the monetary means to pay for the filing fees and other fees regarding both appeals.

Doc. No. 171 at 1–2. The Court enters this Decision to address Debtor's Motion.

## DISCUSSION AND DISPOSITION

As noted, Debtor requests "fee waivers regarding said appeal and associated costs for transcripts and or records" pursuant to 28 U.S.C. §§ 1915 and 1930.

### A.    Waiver Under 28 U.S.C. § 1915

28 U.S.C. § 1915 is entitled "Proceedings in forma pauperis" and provides, in part:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit [supporting an inability to pay].

28 U.S.C. § 1915(a)(1). Under the holding of *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992), the bankruptcy court is not a "court of the United States" as defined in 28 U.S.C. § 451, and therefore the bankruptcy court is unable to provide relief under 28 U.S.C. § 1915. *Id.* at 896; *see also Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 495–96 (9th Cir. BAP 1995) (recognizing that *Perroton*'s conclusions regarding 28 U.S.C. § 451 apply to sanctions under 28 U.S.C. § 1927 just as they do to waiver of fees under 28 U.S.C. § 1915, and holding that, just as bankruptcy courts are not

MEMORANDUM OF DECISION - 3

"courts of the United States," neither is the Bankruptcy Appellate Panel). Therefore, this Court cannot address or opine on a waiver under 28 U.S.C. § 1915, nor can the Bankruptcy Appellate Panel. As such, this request will be referred to the United States District Court for the District of Idaho for the limited purpose of ruling on this portion of the Motion.

**B.     Waiver Under 28 U.S.C. § 1930**

Debtor also requests waiver of the fees associated with the appeal and creation of any transcript under 28 U.S.C. § 1930.[1] 28 U.S.C. § 1930(f) authorizes this Court to waive fees prescribed by the Judicial Conference if certain conditions are met. 28 U.S.C. § 1930(f)(1) applies to fees associated with the commencement of a chapter 7 case. However, (f)(2) and (f)(3) authorize this Court to waive other fees established by the Judicial Conference, including appellate fees, if applied consistent with judiciary policy.

Here, Debtor did not request waiver of the original chapter 7 filing fee. However, that does not preclude her from seeking waiver of the appellate fees under 28 U.S.C. § 1930(f)(2) or (f)(3). Indeed, the Guide to Judiciary Policy states:

§ 820.40 Waiver of Additional Individual Debtor Fees

(a)     In addition to fees due at filing, other fees scheduled by the Judicial Conference under 28 U.S.C. §§ 1930(b) and (c) may be waived, in the discretion of the court, for an individual debtor whose filing fee has been waived, *or for whom the totality of circumstances during the pendency of the case and appeal warrant such waiver upon request.*

---

[1] While transcript fees are specifically referenced in Debtor's Motion, as of date of this Decision, Debtor has not requested any transcripts; she has merely identified the record on appeal. Moreover, 28 U.S.C. § 1930 does not establish a fee associated with the creation of transcripts, thus any waiver under 28 U.S.C. § 1930(f)(2) or (f)(3) would not include transcript fees.

MEMORANDUM OF DECISION - 4

. . .

(c)    *If the filing fee has not been waived, a debtor may still move to seek a waiver of other fees under 28 U.S.C. §§ 1930(b) and (c) by demonstrating that he or she meets the standard of eligibility defined in § 820.20(a)(1).*

4 *Guide to Judiciary Policy*, ch. 8, § 820.40 (emphasis added) (available at https://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies) (last visited June 7, 2021).

Section 820.20(a)(1) explains the standard to determine if a debtor is eligible for waiver of the fees established under 28 U.S.C. § 1930.  That standard requires the Court to conclude that the debtor has income less than 150 percent of the poverty guidelines and has an inability to pay the fee.  Thus, any debtor requesting waiver must provide actual income and expense figures.  *See e.g.*, Official Bankruptcy Form 103B (providing a form to establish eligibility for waiver of the chapter 7 filing fee under 28 U.S.C. § 1930(f)(1)).[2]

Here, Debtor did not provide the necessary information for the Court to evaluate her request.  Her general assertions within her affidavit are insufficient.  The Court is aware that Debtor completed her schedules I and J showing income and expenses upon the filing of this case, and those schedules indicate an inability to pay a fee.  However, Debtor did not initially seek waiver, and she was able to pay the Court's filing fee. Moreover, Debtor's schedules were completed, and the information provided therein was

---

[2] The District Court would require the same information to analyze Debtor's request under 28 U.S.C. § 1915.  *See* In Forma Pauperis Application (nonprisoner) at https://www.id.uscourts.gov/district/pro_se/Self_Representation.cfm.

MEMORANDUM OF DECISION - 5

certified to be true and correct, on December 11, 2019, approximately a year and a half ago. The Court cannot rely on those historic numbers to analyze Debtor's current financial situation. As such, Debtor's motion under 28 U.S.C. § 1930 must be denied due to insufficient information to determine eligibility.

In addition, even if Debtor's financial situation remains the same and she is eligible for relief under 28 U.S.C. § 1930(f), the statute gives the Court discretion over whether to grant the requested relief. *See* 28 U.S.C. § 1930(f)(2) ("The district court or the bankruptcy court *may* waive for such debtors other fees prescribed under subsections (b) and (c).") (emphasis added). Cases addressing the standards in exercising such discretion are scarce, however, the majority of those cases equate the decision to the good faith analysis applicable to 28 U.S.C. § 1915(a)(3). *See e.g.*, *In re Ray*, 2016 WL 3211449 (Bankr. S.D. Ga. June 2, 2016). Thus, the merits of Debtor's appeals must be reviewed.

Here, the Court overruled Debtor's Objection to the Sale Motion and the Application both on the merits and because Debtor lacked standing to bring her objection. Given that this is not a surplus case and Debtor did not show a sufficient possibility of it becoming a surplus case, she has no pecuniary interest in the sale of the real property and thus lacks standing to object. Moreover, approval of the Sale Motion and the Application were appropriate under the Code. Thus, the Court finds Debtor's appeals lack merit, and in the exercise of its discretion, will deny the motion for waiver of the appellate filing fees.

MEMORANDUM OF DECISION - 6

**CONCLUSION**

Based on the forgoing, the Court will enter an order denying the Motion to waive filing fees pursuant to 28 U.S.C. § 1930(f) and refer the 28 U.S.C. § 1915 request to the District Court.

DATED:  June 10, 2021



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 7