# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE:** | **Case No. 19-20785-NGH** |
| **CHRISTINA GREENFIELD,** | |
| Debtor. | **Chapter 7** |

## MEMORANDUM OF DECISION

On June 28, 2021, Debtor appealed the Court's Order overruling her objection to a proof of claim filed by Eric and Rosalynd Wurmlinger. *See* Doc. No. 197 (order), Doc. No. 206 (notice of appeal). Debtor also filed an "In Forma Pauperis Application" requesting the Court waive the appellate filing fee. Doc. No. 207 ("Application").

Debtor has previously sought waiver of fees associated with prior appeals. *See* Doc. Nos. 155 (notice of appeal including several requests for relief), 162 (order denying request for relief found within notice of appeal), 171 (motion for waiver). Debtor's prior motion, Doc. No. 171, identified both 28 U.S.C. § 1930 and § 1915 as the basis for her requested relief. The Court denied the requested waiver under 28 U.S.C. § 1930 and referred the remaining 28 U.S.C. § 1915 request to the District Court. Doc. Nos. 186 ("Fee Waiver Decision") and 187 (Order).

MEMORANDUM OF DECISION - 1

Debtor's current Application, Doc. No. 207, was submitted on a nonprisoner in forma pauperis application form typically associated with requests under 28 U.S.C. § 1915.  However, the Application does not identify the specific statutory basis for the requested relief.  As Debtor is pro se, the Court construes her pleadings liberally and will analyze the request under both 28 U.S.C. §§ 1915 and 1930.  The Court enters this Decision to address Debtor's Application.

**DISCUSSION AND DISPOSITION**

The legal analysis found in this Court's prior Fee Waiver Decision, Doc. No. 186, is incorporated herein by reference.

**A.      28 U.S.C. § 1915**

As stated in the Fee Waiver Decision, to the extent Debtor's Application requests waiver under 28 U.S.C. § 1915, this Court is not authorized to address or opine on that request, nor is the Bankruptcy Appellate Panel.  As such, Debtor's Application will be referred to the United States District Court for the District of Idaho for the limited purpose of ruling on this portion of the Application.

**B.      Waiver Under 28 U.S.C. § 1930**

As noted, the Court also views Debtor's Application as one under 28 U.S.C. § 1930.  This Court is authorized to waive appellate fees established under 28 U.S.C. § 1930 if certain conditions are met.  28 U.S.C. § 1930(f).  Specifically, as a threshold matter, the debtor must have income less than 150 percent of the poverty guidelines and an inability to pay the fee.  *See* 4 *Guide to Judiciary Policy*, ch. 8, § 820.20(a)(1)

(available at https://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies) (last visited July 2, 2021).

Debtor's most recent Application provides the necessary information for the Court to evaluate her request. Debtor falls below 150 percent of the poverty guidelines, and she appears to have no ability to pay the fee. However, Debtor's financial eligibility does not necessarily resolve the Application. The statute gives the Court discretion over whether to grant the requested relief. *See* 28 U.S.C. § 1930(f)(2) ("The district court or the bankruptcy court *may* waive for such debtors other fees prescribed under subsections (b) and (c).") (emphasis added). The majority of the cases addressing the standards in exercising such discretion equate the decision to the good faith analysis applicable to 28 U.S.C. § 1915(a)(3). *See, e.g.*, *In re Ray*, 2016 WL 3211449 (Bankr. S.D. Ga. June 2, 2016). Under such analysis, the merits of Debtor's appeal must be reviewed.

Here, the Court overruled Debtor's objection to the Wurmlingers' proof of claim based on her lack of standing. As this is not anticipated to be a surplus case, Debtor lacks the necessary pecuniary interest to object to proofs of claim. The Court also addressed the substance of the objections at issue and concluded they lacked merit under federal and state law. Given Debtor's lack of standing, there is little likelihood of success in this appeal, and the appeal serves only to delay the administration of the estate. Thus, the Court concludes Debtor's appeal is not brought in good faith, and in the exercise of its discretion, will deny the motion for waiver of the appellate filing fee.

MEMORANDUM OF DECISION - 3

**CONCLUSION**

Based on the forgoing, the Court will enter an order denying the Application pursuant to 28 U.S.C. § 1930(f) and referring the 28 U.S.C. § 1915 request to the District Court.

DATED:  July 7, 2021



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge