UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br>**CHRISTINA GREENFIELD,**<br>Debtor. | Case No. 19-20785-NGH<br><br>Chapter 7 |

**MEMORANDUM OF DECISION**

**INTRODUCTION**

On July 2, 2021, Debtor filed a "Request for Relief Regarding a Motion to Stay of Actions During Appeal" pursuant to Rule 8007.[1] Doc. No. 211 ("Stay Motion"). The Stay Motion is related to Debtor's appeal of this Court's order overruling her objection to a proof of claim filed by Eric and Rosalynd Wurmlinger. Doc. No. 197 (order); Doc. No. 206 (notice of appeal). The chapter 7 trustee, David Gardner ("Trustee"), objected to Debtor's Stay Motion. Doc. No. 216.

Debtor has two other appeals pending. The first is from this Court's order approving Trustee's sale of real property over which the Wurmlinger's hold a partially secured lien interest, and the second is from an order approving compensation of a realtor regarding that same sale. Doc. Nos. 152 ("Sale Order"), 151 ("Compensation Order"), and 155 (notice of appeal including several requests for relief). In those pending appeals, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") denied Debtor's request to "allow

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code found in 11 U.S.C. §§ 100–1532, and citations to "Rules" are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 1

a stay of actions by the trustee from selling debtor's property prior to settling issues regarding fraudulent, untimely and unwarranted proof of claims." BAP Case No. 21-1095 at Doc. Nos. 7 and 8, and BAP Case No. 21-1096 at Doc. Nos. 7 and 8. Debtor makes that same request in her current Stay Motion, but this time based on the Court's decision to overrule her objection to the Wurmlinger's proof of claim. Doc. No. 211 at 4.

**DISCUSSION AND DISPOSITION**

 A. **Standards**

Rule 8007(a) requires debtors to initially file a motion for stay pending appeal before the bankruptcy court. *See* Rule 8007(a)(1). Thus, this Court is the proper forum to adjudicate Debtor's Stay Motion. The Court must consider four factors: "1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009); *In re Porrett*, 2016 WL 1689047 (Bankr. D. Idaho April 25, 2016). However, before the Court reviews these factors, it must analyze the scope of the requested stay.

 B. **Scope of Stay**

The Stay Motion requests a "stay on the grounds that appellate reversal of the Court's Order will result in the trustee not allowing the Wurmlinger claim to receive disbursement from debtor's assets." Doc. No. 211 at 3. Debtor then repeatedly requests this Court prohibit or enjoin Trustee from selling her property. *Id.*, at 1, 3, and 4. Debtor's previous request for a stay pending appeal of the order approving the sale of her

MEMORANDUM OF DECISION - 2

real property was denied by the BAP.  *See* BAP Case No. 21-1096 at Doc. No. 8.  To now grant such a stay, or impose such an injunction, would be beyond the scope of a stay pending appeal of the order overruling Debtor's objection to the Wurmlinger's proof of claim.

Thus, to the extent Debtor seeks a stay that prohibits Trustee from selling her real property, the Stay Motion will be denied as beyond the scope of the appeal at issue and inconsistent with the BAP's denial of the same request.  To the extent Debtor seeks a stay of the distribution of estate funds to claims she disputed in her overruled objection, *i.e.* the topic of the current appeal, the Court will analyze the required factors and address the matter on the merits.

### C.    Analysis

Debtor has not demonstrated that a stay pending appeal is appropriate.  She has not shown a likelihood of success on the merits of her appeal.  The Court overruled Debtor's objection to the Wurmlinger's proof of claim based in part on Debtor's lack of standing.  As this is not anticipated to be a surplus case, Debtor lacked the necessary pecuniary interest to object to proofs of claim.

Debtor asserts she has standing to object to claims under § 1109(b) and based on an asserted beneficiary interest created through Trustee's fiduciary obligations.  However, § 1109(b) allows a debtor standing to raise and be heard on any issue in a case under chapter 11.  Section 103(g) instructs that subchapter I of chapter 11, in which § 1109 is located, applies only in cases under chapter 11.  Debtor is a chapter 7 debtor.  Thus § 1109(b) is not applicable.  Moreover, case law is clear that a chapter 7 debtor only

MEMORANDUM OF DECISION - 3

has standing if the debtor has a pecuniary interest which arises through a surplus case or a lack of discharge, neither apply here. *See e.g., Wellman v. Ziino (In re Wellman)*, 2007 WL 4105275, *1 n.5 (9th Cir. BAP 2007). As such, Debtor has not shown a likelihood of success as she has not demonstrated standing to bring her objection.[2]

In addition, Trustee is correct that Debtor has not shown she will be irreparably harmed by the continued administration of the estate. Debtor will receive her homestead exemption and the remaining funds will be distributed to her creditors. Nothing in that process irreparably harms Debtor; it is the process she agreed to when she voluntarily sought bankruptcy relief. Trustee is tasked with collecting assets, liquidating the same, and closing the estate as expeditiously as is compatible with the best interests of all parties in interest. *See* § 704(a)(1). Delaying such duties and holding up the administration of the estate may cause harm to other interested parties. Finally, the public interest is not overly broad in this scenario except that it favors the speedy and orderly conclusion of the bankruptcy process.

**CONCLUSION**

Based on the forgoing, the Court will enter an order denying the Stay Motion.

DATED: July 13, 2021



NOAH G. HILLEN
U.S. Bankruptcy Judge

---

[2] The Court also addressed the substance of Debtor's objections and concluded they lacked merit under federal and state law. Nothing in Debtor's Stay Motion demonstrates that ruling was in error or likely to be reversed on appeal.

MEMORANDUM OF DECISION - 4