UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**CHRISTINA GREENFIELD,**<br><br>Debtor. | Case No. 19-20785-NGH<br><br><br>Chapter 7 |

**MEMORANDUM OF DECISION**

**INTRODUCTION**

Before the Court is a motion of the chapter 7 debtor,[1] Christina Greenfield ("Debtor"), seeking the recusal of the undersigned judge. *See* Doc. No. 225 (the "Renewed Motion"). This is the second motion for disqualification Debtor has pursued. *See* Doc. No 88 (the "First Recusal Motion"). In the Renewed Motion, Debtor reasserts her prior arguments that recusal is required. She also argues the Court's decision to make certain oral rulings in this case, rather than issue written decisions, evidences the undersigned judge's partiality or bias against her.[2] The Court held a hearing regarding the Renewed Motion and took the matter under advisement. The following constitutes the Court's findings of fact and conclusions of law.

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532.

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the record in this case and the related adversary proceeding, *Wurmlinger v. Greenfield*, Adv. Case. No. 20-07005-NGH.

MEMORANDUM OF DECISION - 1

**FACTUAL AND PROCEDURAL HISTORY**

In the decision resolving the First Recusal Motion, the Court detailed the relevant history regarding Debtor's bankruptcy case and an adversary proceeding involving Eric and Rosalynd Wurmlinger (the "Wurmlingers"). *See In re Greenfield*, 623 B.R. 847, 849–51 (Bankr. D. Idaho 2020). The Court incorporates that prior ruling by reference. *Id.* Since issuing that decision, the chapter 7 trustee, David Gardner ("Trustee"), sought to market and sell Debtor's home (the "Property") for a gross sale price of $626,000 and pay his realtor $37,560, which is 6% of the gross sale price for the Property. *See* Doc. No. 137 (the "Sale Motion") and Doc. No. 138 (the "Fee Application"). Trustee estimated the estate would receive net sale proceeds of approximately $179,040 after satisfaction of all liens, closing costs, realtor fees, and Debtor's $100,000 homestead exemption.

Debtor objected to both the Sale Motion and the Fee Application. The Court held a hearing on the matters and overruled both objections. In doing so, the Court issued an oral ruling that contained detailed findings of fact and conclusions of law. Debtor has appealed the Court's order granting the Sale Motion, Doc. No. 152 (the "Sale Order"), and the Court's order granting the Fee Application, Doc. No. 151 (the "Compensation Order"). Both appeals are currently pending before the Ninth Circuit Bankruptcy Appellate Panel (the "BAP").

Debtor also objected to the Wurmlingers' proof of claim, Claim No. 4. *See* Doc. Nos. 140 and 167. The Court overruled Debtor's objection in an oral ruling with detailed

MEMORANDUM OF DECISION - 2

findings of fact and conclusions of law. *See* Doc. No. 197 (the "Claim Order"). Debtor appealed the Claim Order. That appeal is also currently pending before the BAP.

Throughout the appeals process, Debtor sought to stay the sale of the Property multiple times without success. In her appeals concerning the Sale Order and the Compensation Order, Debtor requested a stay from the BAP prohibiting Trustee from selling the Property. The BAP denied both requests. BAP Case No. 21-1095 at Doc. Nos. 7 and 8, and BAP Case No. 21-1096 at Doc. Nos. 7 and 8. Debtor also requested a stay pending appeal from this Court in connection with her appeal of the Claim Order. Doc. No. 211. The Court denied that request. Doc. Nos. 217 and 218. She similarly requested a stay from the BAP in her appeal of the Claim Order, and the BAP denied that request. BAP Case No. 21-1150 at Doc. No. 10.

In connection with her appeals, Debtor has twice asked this Court for fee waivers and in forma pauperis status, pursuant to 28 U.S.C. §§ 1915 and 1930. In both cases, this Court denied the requests for waiver under § 1930 and referred the § 1915 in forma pauperis requests to the U.S. District Court for the District of Idaho ("District Court"). *See* Doc. Nos. 187 and 213. Debtor also requested in forma pauperis status from the BAP in connection with all three appeals, and the BAP referred those applications to the District Court. The District Court denied Debtor's in forma pauperis requests in one decision that addressed the appeals of the Sale Order, the Compensation Order, and the Claim Order. Doc. No. 227.

MEMORANDUM OF DECISION - 3

**DISCUSSION AND DISPOSITION**

In ruling on the First Recusal Motion, the Court set out in great detail the authorities and standards applicable to recusal, and that discussion is incorporated by reference. *Greenfield*, 623 B.R. at 851–56. In sum, recusal is governed by 28 U.S.C. § 455(a) and (b)(1). The standard for recusal is an objective one and asks whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned. The objective standard must not be construed so broadly that it becomes effectively presumptive and requires recusal on the merest, unsubstantiated suggestion of bias or prejudice. But the standard also asks the judge to review any knowledge of actual bias or partiality, thus incorporating a subjective component.

**1.    Debtor's Arguments Raised in the First Recusal Motion.**

In the First Recusal Motion, Debtor sought recusal based on a number of the Court's rulings and on the undersigned judge's interactions with Trustee prior to taking the bench. As a basis for recusal, Debtor specifically identified the Court's decisions to (1) authorize Trustee's employment of a realtor and disregard Debtor's Coronavirus concerns; (2) set and rule on Trustee's application to employ a realtor before addressing Debtor's § 522(f) motion; and (3) refuse to schedule a hearing on Debtor's motion to avoid the Wurmlingers' lien on the Property prior to trial in an adversary proceeding where the Wurmlingers were seeking to except their claim from discharge. Doc. No. 88 at 4–5. To the extent Debtor's Renewed Motion seeks recusal on the same grounds, the Court incorporates its prior decision and again declines to recuse.

MEMORANDUM OF DECISION - 4

Debtor's Renewed Motion also identifies new adverse decisions that she argues demonstrate grounds for recusal, including denial of her request for a stay pending appeal, denial of her requests for appellate fee waivers, and overruling her objections to the Sale Motion, the Fee Application, and the Wurmlingers' proof of claim. As the Court stated in its prior decision on the First Recusal Motion, adverse rulings are insufficient under applicable authorities to constitute grounds for recusal. The Court continues to find Debtor's argument that such adverse rulings demonstrate bias or partiality to be unfounded and unpersuasive.

The Court harbors no bias toward Debtor. The Court is confident that a reasonable, objective person would not have concerns or questions regarding the Court's capacity to be fair and even-handed, and to rule on the matters brought by Debtor, or any others, in this litigation based solely on the facts and the law. Further, the Court has reviewed each of its rulings and concludes that all were based on an evaluation of the record and the law. This Court's rulings were not informed by any personal feelings about Debtor or any other improper factor. Therefore, recusal is not warranted on these grounds.

**2.      New Arguments Raised in the Renewed Motion.**

In the Renewed Motion, Debtor argues that the Court's decision to issue oral rulings adjudicating the Sale Motion, the Fee Application, and her objection to the Wurmlingers' proof of claim demonstrates bias or partiality and violates her right to due process. Specifically, Debtor argues she has been denied procedural due process because she is unable to obtain judicial review of this Court's oral decisions. Debtor reasons that

MEMORANDUM OF DECISION - 5

the lack of written decisions on these matters requires her to order transcripts of the Court's oral rulings so that she can prosecute her appeals. Debtor asserts the transcript fees are expenses she cannot afford, and therefore, she is denied access to the Court's decisions and judicial review of those decisions. Debtor alleges she has been unable to proceed with her three appeals because of the cost and delay associated with obtaining audio recordings and transcripts of the Court's oral decisions.

As previously noted, to preside over matters, this Court must be certain of its ability to be fair and even-handed in dealing with all litigants and free from bias or partiality. The Court has again undertaken this evaluation in regard to its decision to issue oral rulings, and it reaches the same conclusion that it did before. There is no credible or reasonable basis on which recusal is warranted. The Court's management of the procedural aspects of its cases, as challenged by Debtor, is well within its discretion.

The Court has issued both written and oral decisions in this case.[3] The Court's decision to issue oral rulings regarding Debtor's objections to the Sale Motion, the Fee Application, and the Wurmlingers' proof of claim were neither informed by any personal feelings about Debtor nor any other improper factor, nor were they made in anticipation of Debtor appealing these rulings. Debtor's contention that she has been denied procedural due process and is unable to obtain review of this Court's oral rulings is not persuasive. There is a path forward for Debtor to obtain judicial review of this Court's rulings, which Debtor, as her right, has initiated. Congress permits certain individuals to

---

[3] The Court rendered written decisions concerning Debtor's First Recusal Motion, her requests for a waiver of fees on appeal, and her request for a stay on appeal. *See* Doc. Nos. 102, 162, 186, 212, and 217.

MEMORANDUM OF DECISION - 6

prosecute appeals in forma pauperis and obtain relief from certain fees, including transcript fees. Debtor sought such status, and this Court, and the BAP, referred those matters to the District Court for a decision. Debtor has been afforded due process in connection with her requests. The District Court's denial of those requests does not amount to denial of due process.

**CONCLUSION**

This Court has carefully considered the Renewed Motion. As before, the Court finds it not well taken. There is no basis or reason for recusal under 28 U.S.C. § 455(a) or (b). The Renewed Motion will be denied, and an appropriate order will be entered.

DATED: September 10, 2021

_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 7